Case number 4-18-0285, Rianna Conway v. The Workers' Compensation Commission My name is William Bravery, and I am here on behalf of the petitioner Rianna Conway And we are here today due to the order entered by the McClain County Circuit Court in which the Circuit Court dismissed our petition for review that was filed in that circuit, requesting a review of the Commission's decision on this case. The Circuit Court, in my reading of it, before it was essentially dismissed, the petitioner for review stated that the petitioner failed to file the notice of intent when affidavit, that notice of intent with the Commission, that they would file that with the Circuit Court within 20 days of receipt of the Commission's decision. Therefore, the Circuit Court found that the Circuit Court did not have jurisdiction over here to take a petition for review and dismiss the petition, and we weren't doing that decision. So in this case, we can agree there was no exhibit, no receipt for the payment of the probable cost or an affidavit from the attorney. Neither one of those things happened. Well, I believe the receipt was filed with the Circuit Court. The issue that they had was that we filed a petition for review with the Circuit Court within 20 days, and I don't believe that that's an issue. I don't believe that Mr. Ellworth is raising that issue or the Court raised that issue. It was put on file on the 16th day. The petition for review was filed in McClain County. On the same day that the petition for review was filed, a notice of intent was sent to the Commission through the mail. Our office was able to mail that to the Commission's office in Chicago on that same day. And the issue was that we didn't file either a copy of the file stamp copy of the notice of intent or an affidavit stating that the notice of intent was submitted to the Commission. Because we don't do receipts anymore. It's notice, right? Correct, the notice of intent. Right, and so the statute 19F1 says what? No request for summons may be filed? It specifically says no request for a summons may be filed and no decision, I'm sorry, and no summons shall issue unless the party seeking to review the decision of the Commission shall receive a notice of intent or an affidavit of the attorney setting forth that the notice of intent has been given. And that, was that done? Well, the notice of intent was sent to the Commission, but the... Well, that isn't what it says here, is it? Well, what wasn't done was that the notice of intent, the file stamp copy of the notice of intent wasn't filed with the circuit court within 20 days, and we didn't file an affidavit stating that the notice of intent was submitted within 20 days. So there was no proof that you exhibited the notice of intent to the clerk? Within 20 days. That's right. So the question is, does the notice of intent have to be exhibited to the clerk within 20 days, or must you file an affidavit within 20 days? That's the only issue in the case. Does it require it within 20 days or doesn't? You didn't do it, so if it requires it, you lose, and if it doesn't require that it be done within 20 days, you win. What else is there to argue about? Well, I believe that the respondent has also raised the issue as to whether the mailbox rule would apply to whether the notice of intent was properly filed with the Commission. It's not properly filed with the Commission. That's not what it says. Shall exhibit to the clerk of the circuit court. So the question is, was it exhibited to the clerk of the circuit court within 20 days? The answer to that is no. Did you file an affidavit with the clerk of the circuit court saying you sent the notice within 20 days? The answer to that is no. Is it required to be done within the 20 days is the question on the paper. Correct. Why do you say it's not required to be done in 20 days? Because the statute states that a proceeding for review shall be commenced within 20 days of the receipt of notice of decision of the Commission. So the petition for review was filed within that 20 days. There's nothing within the statute that specifically states that the notice of intent or that affidavit has to be filed within the 20 days. And, in fact, that requirement actually is in regards to the issuance of the summons. It's not in regards to actually the actual petition for review itself. The statute states that the request for summons in the summons cannot issue until that is filed with the circuit court. When did you request the summons? Well, we actually improperly requested the summons on the same day that it was filed. That is correct. And we've admitted that. One of the arguments we made with the circuit court was that the summons should qualify. But you can't admit it. It's a matter of record, isn't it? I'm sorry? It's a matter of record. Oh, yeah. It's a matter of record. It doesn't mean an admission. Yeah, no. I mean, we filed a petition for review and a request for summons the same day. And we should have held off on filing a request for summons until we actually either filed that affidavit or had the notice of intent back from the Commission. We didn't do that. The circuit court accepted it. The circuit court went ahead and issued the summons. The Commission went ahead and responded to the summons. They had actually received the notice of intent that was sent to them. And so the issue really is just whether or not, you know, the remedy for this, whether or not that 20-day requirement applies to filing the notice of intent prior to when the summons can be issued. So you're saying it's not jurisdictional? For that jurisdiction in the circuit court, you don't have to comply with the rule? Well, I'm not saying we have to comply with the rule. I'm saying that the rule doesn't say that that notice of intent or affidavit has to be filed within the 20 days. Well, what does the case law say? Aren't there some cases that bear on this issue? Well, there are. I mean, I cited the Jones case because I believe that the Jones case is what we consider to be the most similar case to this. And, I mean, the Jones case says that, as the Supreme Court said, we must liberally construe statutes granting a right to appeal so as to prevent a case to be considered on its merits. And then it went on in this case. It was before the statute was changed, and there was a receipt that was required. And it states, and I put this on page 12 of my brief, it says, although Section 19F1 directs the parties seeking judicial review to exhibit proof of payment of sauce to file a request for summons, the statute does not indicate what consequences would follow from the failure to strictly adhere. As a clear indication of contrary, we will not presume that the legislator, having granted the right to judicial review in workers' compensation cases, intended that the right be lost on narrow or technical grounds. You're probably lucky there's no court reporter here. You're going so fast. Sorry. Let me ask you, did you look at Esquivel and Rojas, those cases? I did. And how do they support you? How do they support us? I mean, I guess I would look at what I was looking at on those. And I was in the case that actually the respondent sent in his motion to supplement. And I was sort of looking at both the Malone case and the Errington case. And, you know, if you look on the last page of what he filed on the Malone case, it states that the goal of Section 19F1 and what it was in regards to making sure that the payment was filed, it said the goal of Section 19F1 is to ensure that payment for the probable cost of the record has been made prior to the issuance of the summons. And then it cited to Errington, which is the Supreme Court case, on that. And I guess if you're looking at it, you're saying the purpose of filing this with the circuit court here was just to make sure that before I'm going to send a summons to everybody and say you have to appear, I want to make sure that you pay the proper costs. So if you're saying the same thing, if you apply that reasoning to this and you say, OK, so what's the purpose of filing that notice of intent or that affidavit with the circuit court? Because it's a prerequisite to the summons being issued. But it's not really part of the review itself because you're already sending the notice of intent to the commission. And you're already sending the petition for review to the circuit court. So both of them already have notice of the petition for review. When did you send that notice of intent to the commission? On November 13th, the same day that we filed the petition for review. Now, the commission didn't file stamp that until like a month and a half later. But the date that we submitted it was November 13th. It was the same day, 16 days after receiving it. So are these strict jurisdictional requirements or no? I don't believe that they are. Because if we find they are, you lose, right? If you find that the statute states and specifically requires that that notice of intent or that affidavit be filed within 20 days, correct. OK. So you just argued Jones then, right? Well, I mean, I'm also arguing Jones. I'm arguing Hageman. And I'm also arguing, I mean, because Hageman, the court ruled that the issuance of summons doesn't have to be within the 20 days, that the request for the issuance of summons. I mean, the summons is not the petition for review. The petition for review is what has to be filed within the 20 days. The summons doesn't have to be issued within 20 days. So if the filing of this notice of intent, if the purpose of that is basically to notify the circuit court that, hey, the commission knows about this. They've been sent the notification before we issue a summons to them and say, you have to appear. They should have some sort of notice that this has been done. But so if that's a prerequisite to the summons being issued, that doesn't have to be done within 20 days. So tell us why as a matter of policy. Why would we adopt an interpretation that gives rise to, like, a slippery slope? If you start carving out exceptions based on subjective intent of the parties, isn't that a little problematic? I don't think it's subjective intent of the parties. I think it's the statute. I mean, the statute, I mean, the intent is that the petition for review be filed within 20 days. That's what the statute says. The petition for review was filed within 20 days. Can you file a petition for review without a request for summons? Well, I would say yes. I mean, you could file, like, for example, for example, if you have, if I have a person who's injured in an auto accident and I have a statute coming up and the senior statute is coming up. Wait a minute, wait a minute, wait a minute. This is the Workers' Compensation Act. Jurisdiction is strictly construed. This is not a common law action, and we don't bend the rules for the discovery rule or any of the rest of this stuff. What does this require? Do we have to file a request for summons at the same time you file a petition for review? Yes or no? No. I don't believe you do, because the statute doesn't say that. It could say, you know, the request for summons and all of this has to be done within 20 days. But logically, that doesn't make sense. I mean, if you're sending the notice of intent and you're filing something, you know, potentially showing that the commission received that. I have a question for you, because it says clearly no request for summons may be filed, okay? Right. And you filed a request for summons without the intent document. Right, without the notice being filed. Then I assume, given your interpretation of the statute, that after you did that, when did you file that? How many days after the 20-day period did you file that intent? The notice of intent? Yes. Actually, I filed it quite a ways after that. How long? Answer the question, please. Give me an estimate. Three months. Three months. I assume that the same time you filed that notice of intent, you also filed a request for summons at that time, right? I did not. You did not, okay. Because the motion was already pending, and because the commission had already answered the summons. Does it not say pretty clearly no request may be filed unless she'll exhibit it? Right, no request for summons shall be filed. You didn't renew your request for summons when you filed the intent notice. Well, I did not, but part of our argument with the circuit court was that the appropriate remedy for this issue and for this violation would be that the summons would be quashed and that it would have to be reissued. Under the strict language of this section, was your summons defective then? No, the summons would not be defective. Defective. Oh, defective, I'm sorry. Technically, the summons would be defective. Okay. Yes, and so the commission, I mean, the court should not have, I mean, and there are several cases that address that issue, where there have been cases where the circuit court has issued summons when it shouldn't have, and then the other side has responded. And there have been cases like Chadwick, I believe the Chadwick case, and some other cases where that was, even the Jones case, that was the issue of the Jones case as well. How is a petition for review actually commenced? You file a petition for review in the circuit court. I mean, that's what we filed. We filed a petition for review in the circuit court. And then we sent the notice of intent to the commission, but the petition for review was filed in the circuit court. Counsel, you've relied upon Jones, but you were asked previously about Esquivel and Rojas. Right. And in those cases, the statute has been interpreted to lay out the ways in which jurisdiction is perfected. So have you addressed those two cases? Because those two cases lay out just what must be done. Well, and I guess I feel like the Jones case, because it addressed a similar issue, and the Supreme Court in that kind of rejected it, I guess I feel like the Supreme Court rejected that going forward and said, you know, look, we're going to liberally grant this. You know, we're not going to dismiss appeals on technical grounds when, you know, the intent of the statute, the purpose of the statute hasn't been met. And so, you know, going forward, and since Jones is a much more recent case than those, and it's a Supreme Court case, I guess I'm saying that I feel like the Jones going forward has essentially kind of said, look, you know, when we look at this, we may just liberally construe it in such a way as to favor allowing a case to be decided on the merits. We're not going to reject these appeals based off of technical grounds, especially when, like I said, in this case, I mean, if Arrington and the Malone case and those decisions are applied here, and the purpose of filing that notice of intent with the circuit court is to make sure that summons is not issued until the commission actually hasn't noticed that the petition for review has been filed. What does it mean when the statute says that the circuit court shall, by summons to the commission, have the power to review all questions, and in the next sentence says, a proceedings for review shall be commenced within 20 days? What does that mean? Does the circuit court acquire the power to review at the time that you file the petition, or does it acquire the power to review when it issues the summons to the commission? Well, the summons to the commission is an order directing the commission. But what does it mean when it says the circuit court shall, by summons to the commission, have power to review all questions of law? Does that mean that the summons has to issue before they have any power? And that would mean the jurisdiction doesn't attach until the summons is issued. And if that's the case, then the proceedings for review has to be commenced within 20 days of receipt of the notice. So that means the summons has to issue within 20 days, no? Well, but the court of Hageman specifically said that it doesn't. Okay. I'm asking you. What does this mean? I would agree with the court of Hageman that the summons is what brings the commission under the jurisdiction of the court. But the petition for review is what gives the court jurisdiction to hear the case. I mean, the summons is being issued to the respondent and being issued to the commission to say, you need to file, you need to appear in the circuit court. You need to file with this circuit court whatever you have and make your appearances. That's what the summons is. It brings the commission there to the circuit court. But the petition for review is what specifically stated it needed to be filed within the 20 days. Okay. Your time is up. You'll have five minutes or five. Thank you. Good morning. Brad Elwood on behalf of Williamson Public School District 87. Before I begin, there's a question about what do you have to do in order to put back to the judicial review of the circuit court? Well, you have to file, generically speaking, five documents. The first is a written request to issue summons. The summonses, which are one for your opponent, one for your opponent's counsel, one for the commission. Those ungrouping is one. Your certificate of filing, if you're an employer, an appeal bond or a party against whom an award has been rendered. And the fifth is a notice of intent document. And that's the thing that started in July 2013 to replace the language of the receipt that we talked about in some of the cases discussed. All five of those have to be presented to the circuit court and filed within 20 days of the receipt of the commission's decision. Now, the notice of intent is essentially a document that's been inserted into the statutory language of the receipt. And it's identical language. The cases have interpreted the receipt as having to be filed within 20 days. And they say it's a conditional proceedment to the filing of the judicial review. In other words, if you don't present the receipt under the old standard or an affidavit, then you can't file your judicial review. And the fact that the circuit court doesn't understand the makeup of what you're presenting to them in documents and doesn't want to make a judgment call and say, I'm not taking those and file the same sort of thing, as we see from many of the cases that we cited on the brief, doesn't preclude this court or the Supreme Court from looking back and going, wait a minute, the circuit court didn't have jurisdiction. And this case is improper. Without jurisdiction, the circuit court's decision, et cetera, is permitted. And so the fact that the circuit court accepted these documents really means nothing in the big picture. The question is, did they present in 20 days the documents necessary? And the document they issued here, and this is a question of first impression. This is the first time that I've encountered this. I've went through many of your Rule 23s. I haven't seen anything addressing this. What about his Jones case? He's saying the Jones case supports his interpretation. Jones does not support his interpretation because in Jones, all the documents were filed within the 20-day period. The question was, you had these other three or four documents that we're talking about that were filed together within the 20 days, but the receipt wasn't presented at that time. The receipt was presented after the initial filing, but before the expiration of the 20-day period. So we don't have that here, and we can't have that here. Let's make this real simple. If he had not filed a request for summons within 20 days, would there be any question that there was no jurisdiction in the circuit court? No, if he did not file that, there would be no question. And the statute specifically says no request for summons may be filed unless the notice is exhibited. Yes. So if he didn't exhibit the notice, his request for summons is invalid. Yes. No request for summons that's valid, therefore no jurisdiction. Exactly. Okay, what else do we have to do? Well, that's as Aaron said, no. We agree. When you say this is first impression, haven't we discussed under the old language receipt? Oh, absolutely. Okay, so let's get back to this. Why is it there's no more receipt in this process? I have not been able to determine that. Well, who's paying for the record? Pardon me? I mean, what was the receipt for in the older, pre-page? The receipt in the old days, what it signified is that in every decision there was an amount, and it ended up being $35. But that amount represented the probable cost of preparation of the record. Right, so statute said it at $35, right? Yes. Probable cost of preparing the record. Yes. Okay, and so the appellant would be having to pay that sum to pay for the probable cost of preparing the record. Correct. And now tell me, what do they do now, the commission? Does the commission charge anyone? No. What they do now is you have this form, this IC-25 form, and you fill it out, and you send two copies or you hand deliver two copies to the commission in Chicago, and you say, I would like you to file this, please. And they file it, and they stamp it, put the stamp over here, and you just print it, and they give you a copy back. And you take that, and you go back to your office now that we've got electronic filing, you scan this, and you file it with the clerk. Well, I'm going to get back to the substance of it rather than the procedural paperwork of it. But it's important here for this reason. Well, I think it's important to understand why we no longer talk about receipt for payment of a probable cost for the record. It's because who's footing the bill for the probable cost of the record today? Probably the state. Okay, thank you. Basically, yes. Well, apparently not the parties. Not the parties. Okay, so it's really a – it serves as a notice to the commission, doesn't it, absent or preceding a summons? Yes. Okay. Yes. Yes. My point earlier, Your Honor, and I'm not trying to be disrespectful, my point is when you get this document, the thing that's lacking here is the receipt with the stock stamp within 20 days and the failure to deliver that. So there's two failures. And when we've got statutory language, as we have today, that purges the notice of intent form, and it's identical to the language that we had before, and the only Supreme Court in this court have held that that's a condition preceding, in other words, exhibiting that document to use their language is a condition preceding, well, nothing's changed except the document. And so the law should be identical. So following that, there was no jurisdiction here in the Supreme Court. And lastly, I just want to mention his hangover case, talking about the issuance of summons. In that case, my recollection was everything was done within the 20 days, except that the summons had an issue. That's not something that's going to be in full part. I mean, you could literally go in on day one of your 20 days and file your judicial review, and it's a certain court that's busy and doesn't issue summonses. What are you supposed to do? And I understand why the court did what it did in hangover, but that's not what we have here. We're not making an issue about issuance of summonses, in other words, when did we receive it. Our point is more along the lines of Justice Hopkins. It's an invalid document, an invalid summons. If they have a compliant actors in it to allow them to be able to file a review, then they didn't do that in this case. And that's why we think that the case law is overwhelming, set for the hangover court system 100%, and we're asking this court to affirm the Supreme Court's dismissal. Would you say that if a request for summons in this case was made within the 20 days, in this set of documents, it did not have an intent, okay, to file, but you would say if that intent were filed within the 20 days, that request for summons is not effective, or would you have to renew your request for summons at the time you filed the receipt, if it's within 20 days? If a commission file stamp copy of the notice of intent was not filed with the Supreme Court within the 20 days. No, I meant with the request for summons. Within the 20 days. If the notice... No, there's no decision. You have to file both. No, no, no. I think you misunderstand the question. I must have. What if a petitioner filed a request for review two days after the decision came down, but didn't file the notice, and he filed the request for summons, and five days after that he filed the notice? Is the court of jurisdiction yes or no? That would be judged, yes. You think so? Well, but the statute says no request for summons may be filed. And so if it can't be filed, if he filed the request for summons before the notice issued, even though the notice issued was in 20 days and he filed it, there's no jurisdiction because the request for summons is invalid. I'm not saying I agree with Jones. That was Jones. I'm not saying I agree with him. I think under the literal interpretation of the statute, you have to present them together. Together? Yeah. You present all five documents together, and you file it, and you go on. I think that's how it should be. Jones says you can file them all if you file them all within the 20 days. I mean, technically under Jones, I could file everything but my bond and walk in on the 19th day and file my bond. I wouldn't want to do that. But that's what Jones seems to suggest. It doesn't mean I agree with it. I understand the point you're making. We're asking you to look at it. Well, I'm just asking whether the original request for summons that didn't have the receipt that was filed within 20 days, that she can just go slap in the receipt within 20 days, or do you have to renew the request? I think under Jones, you can just come in and do that. That's my answer. And I don't think if you file that within 20 days, you're done. You can't come in as they did and make that four months later and say, well, here's my affidavit showing that I did this, and here's my filed document, file it, and it's reinstalled. Thank you. Thank you. Counsel, you may reply. Your Honor, just briefly, I guess I just want to discuss the Hagman case. And I think 11 of our initial brief, I decided this, but the court in Hagman specifically said there is no requirement in the act that someone be issued within the 20-day period. So I guess I would agree with that. I guess as far as the actual request for summons, the commission replied to the summons. They actually filed what they did. We had asked that the court, as the remedy, watch the summons and make us reissue it and have the commission, I don't know if they would have responded again. I don't know that they would have needed to do that. But I guess, you know, based off the Hagman, I don't think that, you know, as they specifically said, there's no requirement that someone be issued within the 20 days. So I agree with that. Counsel, are you arguing that because the commission replied, they're somehow waiving or forfeiting their right to bring a motion to dismiss? No, I'm not saying that they waived or waived that. I'm just saying that if we would have filed, we had requested that as the remedy, that instead of the court finding there's no jurisdiction, that the summons be quashed and that a new summons would have to be issued once the notice of intent was filed. The circuit court rejected that. But again, I don't know procedurally how that would have worked if the court would have granted it just because the commission has already responded to the summons that was issued. Thank you, counsel. Thank you, counsel, both for your arguments in this matter. It will be taken under advisement. Our written disposition shall issue.